## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN LAPIER** | * | |
| 261 Riverdale Road | | |
| Severna Park, Maryland  21145 | * | |
| | | |
| **PLAINTIFF** | * | |
| | | |
| v. | * | CASE NO.: |
| | | |
| **PRINCE GEORGE'S COUNTY, MARYLAND** | * | |
| 14741 Governor Oden Bowie Drive, Room 5121 | | |
| Upper Marlboro, Maryland 20772 | * | |
| | | |
| AND | * | |
| | | |
| **PRINCE GEORGE'S COUNY POLICE** | * | |
| **DEPARTMENT** | | |
| 7600 Barlowe Road | * | |
| Landover, Maryland 20785 | | |
| | * | |
| AND | | |
| | * | |
| **ROBERTO L. HYLTON, CHIEF OF POLICE** | | |
| 7600 Barlowe Road | * | |
| Landover, Maryland 20785 | | |
| | * | |
| **DEFENDANTS** | | |
| | * | |

\*          \*          \*          \*          \*          \*          \*

## COMPLAINT

Now comes the Plaintiff, Steven LaPier , by and through this attorneys, John M. Singleton and Willig, Williams, Davidson & Singleton and brings this action against Prince George's County, Maryland, the Prince George's County Police Department and Roberto Hylton, Chief of Police, individually, and alleges violations of 42 USC, § 1983 for terminating the Plaintiff in order to prevent him from or for exercising his First Amendment Rights of Free

Speech; for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (herein "Rehab Act"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* (herein "ADA");  the Age Discrimination provision in Md. Code, Article 20, Human Relations Commission and for violations of Maryland common law for Wrongful or Abusive Discharge under the *Adler Doctrine*. As grounds therefore, Plaintiff states as follows:

## PARTIES

1. Plaintiff, Steven LaPier (hereinafter referred to, as "Plaintiff" or "LaPier") is Caucasian male, who at all pertinent times resided in Anne Arundel County, Maryland.

2. At all pertinent times in this Complaint, Plaintiff was a Cadet with the Prince George's County Police Department.

3. Prince George's County (hereinafter referred to as "the County") is a charter form of municipality in accordance with Maryland State Law and is tasked with providing County citizens with services and facilities.

4. Prince George's County Police Department (hereinafter referred to as "the Department") is the primary law enforcement agency for the County.

5. Roberto L. Hylton (hereinafter referred to as "Hylton") is the Chief of the Prince George's County Police Department, charged with overseeing every aspect of the Department's management.

## JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 42 U.S.C. §1983 for the First Amendment Claim, the American with Disabilities Act, 42 U.S C. § 12111 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq. under Federal Question jurisdiction.

7. Plaintiff filed charges with United States Equal Employment Opportunity Commission on January 7, 2010 alleging that the County and the Department engaged in unlawful acts of retaliation, age discrimination and disability discrimination.

8. This Court has subject matter jurisdiction pursuant to MD Code Art. 20-1013 as more than 180 days has elapsed since the filing of the administrative charges alleging age and handicap discrimination in violation of both Maryland state law and federal law.

9. This Court has subject matter jurisdiction over the Wrongful or Abusive Discharge claims pursuant to the Court's inherent pendent jurisdiction as these actions arise out of the same facts that support Plaintiff's federal causes of action

### FACTS COMMON TO ALL COUNTS

10. Plaintiff began training a full-time Student Officer in the Department on or about September 22, 2008 and was notified by the Department on September 20, 2008 that he had been selected for appointment to the upcoming Police Training Academy.

11. Plaintiff accepted the offer of employment with the department by executing an Employment Acceptance Letter dated October 13, 2008 and a Police Officer Training and Service Agreement on October 13, 2008.  Plaintiff agreed to a specified training period beginning October 7, 2008 and ending June 4, 2009 and a specified required service obligation period beginning October 27, 2008 and ending June 2011.

12. That on or about April 9, 2009, Plaintiff passed out on during a routine training run, and was subsequently diagnosed with and treated for Osler Weber Rendu Syndrome, a hematologic condition which causes anemia.  Plaintiff was advised by his doctors to perform only "light work" until his anemia was resolved.  Said restriction was in place for one week, after which Plaintiff resumed his normal training routines.

13. By letter dated May 5, 2009, Plaintiff's physician, Dr. Harvinder Singh, advised the Department that he was fit to resume his training with the Department.

14. The County's Medical Advisory Board (hereinafter referred to as "MAB") reviewed Plaintiff's medical records at a meeting on June 4, 2009.  Although the Board was in possession of the May 5, 2009 letter from Dr. Singh, they nonetheless found the Plaintiff unfit for duty and recommended his separation from the Academy. The MAB did not offer or grant the Plaintiff to speak on his own behalf at this hearing.

15. Plaintiff was advised of the recommendation of the MAB in a letter signed by Hylton, dated June 9, 2009 and delivered on June 18, 2009.  The letter expressed the County's intention to separate the Plaintiff  "on a Separation Disability Action", pursuant to the provisions of Section 16-189 of Personnel Law for Prince George's County."  The Plaintiff was given 10 days to contest the action.

16. By letter dated June 18, 2009, Plaintiff contested the separation and provided yet another doctor's report stating that the Plaintiff was fit for duty.   Plaintiff also appealed the separation to the County's Personnel Board through his counsel by letter dated June 26, 2009.

17. Although a hearing was held before the County Personnel Board on May 19, 2010, the Plaintiff has yet to be advised of the decision of the Board that was sent to the County Office of Law for writing and issuance.

18. Prior to his separation, Plaintiff advised Hylton of illegal, discriminatory and improper conduct that routinely occurred within the Academy and was witnessed by the Plaintiff during his training.  Plaintiff specifically complained of instructors giving test answers to entire class, while instructing the class to act as if they are actually taking the test if a "white shirt" entered the room.

19. The Plaintiff also complained of both male and female student officers being forced to undress and change into their uniforms in the middle of a parking lot in the winter after being told by their instructors that they are not "worthy" of using a locker room.  The Plaintiff reported repeated threats of physical violence by the instructors against the Student Officers to Hylton as well.

20. Plaintiff had verbally reported said illegal, discriminatory and improper behavior to his superiors prior to making a written report, dated June 19, 2009 to Hylton.

## COUNT I- VIOLATIONS 42 U.S.C. § 1983 FOR VIOLATION
## OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

21. Paragraphs one through twenty are hereby incorporated by reference as if fully set forth herein.

22. Pursuant to the First Amendment of the Constitution, Plaintiff has a right to discuss both as an employee and a citizen, matters of public concern.  The Department's illegal practices involving cheating by instructors and other unlawful policies and practices at the Academy is a matter of public concern.

23. Defendants violated Plaintiff's First Amendment Rights under color of county law by terminating him from his employment with the Department to silence him and in retaliation

for voicing his complaints involving the treatment of Student Officers and cheating within the Academy.

24. As a direct and proximate result of the actions of the Defendants, Plaintiff suffered monetary damages for lost wages, benefits as well as pain and suffering, loss of credit and other damages.

Wherefore, Plaintiff demands $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against each of the individual Defendants as well as reasonable costs and attorneys fees.

## COUNT II- WRONGFUL OR ABUSIVE DISCHARGE

25. Paragraph one through twenty are hereby incorporated by reference as if fully set forth herein.

26. The citizens of Maryland have a clearly enunciated Constitutional right of the Freedom of Speech under the First Amendment of the Constitution to voice matters of public concern.

27. Plaintiff's separation from employment for expressing his concerns about abuse occurring at the Police Academy and without other valid cause violates public policy and constitutes a wrongful or abusive discharge.

28. As a direct and proximate result of the Department and Hylton's unlawful retaliation for his speech relating illegal, discriminatory and improper practices within the Department and Academy, Plaintiff has been left without employment, deprived of salary and benefits and has endured pain, suffering and damage to his reputation.

Wherefore, Plaintiff demands  $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against the Department and Hylton as well as reasonable costs and attorneys fees.

## COUNT III-FOR VIOLATIONS OF THE REHABILITATION ACT OF 1973

29. Paragraphs one through twenty are hereby incorporated by reference as if fully set forth herein.

30. The Rehab Act requires that "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. §794(a).   The County and the Department receive Federal financial assistance.

31. The Plaintiff is able to perform the essential elements of the job of a Police Officer and as such, he is a qualified individual within the meaning of the Rehab Act, 29 U.S.C. §794(a).

32. The Plaintiff produced reports and letters from two physicians stating that he was able to perform the functions of a student officer.

33. Despite being a qualified individual, and ignoring the medical evidence, the Department and Hylton separated the Plaintiff from his employment with the County in violation of the Rehab Act.

34. By terminating the Plaintiff, Defendants have discriminated against and excluded Plaintiff from employment because of his disability and continues to discriminate against him by employing standards that perpetuate and discriminate against qualified individuals.

35. By terminating the Plaintiff due to his disability, Defendants have violated the Rehab Act, and as a direct and proximate result of these unlawful practices and acts, Plaintiff has suffered monetary losses for loss wages and benefits, loss of credit and reputation, mental anguish and pain and suffering and other damages.

Wherefore, Plaintiff demands  $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against each Defendant as well as reasonable costs and attorneys fees.

## COUNT IV-FOR VIOLATIONS OF THE AMERICANS
## WITH DISABILITIES ACT

36.  Paragraphs one through twenty are hereby incorporated by reference as if fully set forth herein.

37. The ADA requires that "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individuals in regard to job application procedures, the hiring, advancement or discharge if employees…". 42 U.S.C. §12112(a).

38. The Plaintiff is able to perform the essential elements of the job of a Police Officer and as such, he is a qualified individual within the meaning of the ADA, 42 U.S.C. §12112 (a).

39. The Plaintiff produced reports and letters from two physicians stating that he was able to perform the functions of a student officer.

40. Despite being a qualified individual, and ignoring the medical evidence, the Department and Hylton separated the Plaintiff from his employment with the County in violation of the ADA.

41. By terminating the Plaintiff, Defendants have discriminated against and excluded Plaintiff from employment because of his disability and continues to discriminate against him by employing standards that perpetuate and discriminate against qualified individuals.

42. By terminating the Plaintiff due to his disability, Defendants have violated the ADA, As a direct and proximate result of these unlawful practices and acts, Plaintiff has suffered monetary losses for loss wages and benefits, loss of credit and reputation, mental anguish and pain and suffering and other damages.

Wherefore, Plaintiff demands  $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against each Defendant as well as reasonable costs and attorneys fees.

## COUNT V-FOR VIOLATIONS OF THE HANDICAP DISCRIMINATION PROVISIONS OF THE MARYLAND CODE

43.  Paragraphs one through twenty are hereby incorporated by reference as if fully set forth herein.

44. The Plaintiff is able to perform the essential elements of the job of a Police Officer and as such, he is a qualified individual within the meaning of Article 20, Maryland Code.

45. The Plaintiff produced reports and letters from two physicians stating that he was able to perform the functions of a student officer.

46. Despite being a qualified individual, and ignoring the medical evidence, the Department and Hylton separated the Plaintiff from his employment with the County in violation of Article 20 of Maryland law.

47. By terminating the Plaintiff, Defendants have discriminated against and excluded Plaintiff from employment because of his disability and continues to discriminate against him by employing standards that perpetuate and discriminate against qualified individuals.

48. By terminating the Plaintiff due to his disability, Defendants have violated the Maryland law. As a direct and proximate result of these unlawful practices and acts, Plaintiff has suffered monetary losses for loss wages and benefits, loss of credit and reputation, mental anguish and pain and suffering and other damages.

Wherefore, Plaintiff demands $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against each Defendant as well as reasonable costs and attorneys fees.

## COUNT VI-FOR VIOLATION OF THE AGE DISCRIMINATION IN VIOLATION OF ARTICLE 20, MARYLAND CODE

49. Paragraphs one through twenty are hereby incorporated by reference as if fully set forth herein.

50. The Plaintiff, at the relevant times herein, was 38 years of age.

51. Most of the Student Officers employed at the Academy are much younger than Plaintiff, being in their early twenties.

52. Numerous times during Plaintiff's employment, supervisors commented on and ridiculed Plaintiff because of his age and held him to standards not applicable to younger employees,

53. Defendants discriminated against Plaintiff by treating him differently than similarly situated employees and by terminating his employment despite performing as well as or better than younger similarly situated employees.

54. By treating Plaintiff differently and by terminating him, Defendants unlawfully discriminated against him in violation of Article 20, MD Code.

55. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered monetary losses for loss wages and benefits, loss of credit and reputation, mental anguish and pain and suffering and other damages.

Wherefore, Plaintiff demands $500,000.00 for economic losses, pain and suffering, as against each Defendant jointly and severally and $1,000,000.00 in punitive damages against each Defendant as well as reasonable costs and attorneys fees.

### PRAYER FOR A JURY TRIAL

Plaintiff prays a jury on all issues.

**JOHN M. SINGLETON**
**WILLIG, WILLIAMS, DAVIDSON**
**& SINGLETON**
Federal Bar No. 02275
400 Redland Court, Suite 107
Owings Mills, MD 21117
(410) 902-0073 (telephone)
(410) 902-7372 (facsimile)
E-mail: jsingleton@wwdslaw.com